PINE BLUFF COMPANY *v.* WHITLAW.

Opinion delivered January 24, 1921.

1. NEGLIGENCE — IMPUTED NEGLIGENCE OF DRIVER.—Where plaintiff was riding in an automobile over which she had no control, and was injured in a collision with a street car, the negligence of the driver of the automobile, if any, was not imputable to plaintiff.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE AS QUESTION FOR JURY.— In an action for injury to plaintiff while riding in an automobile, plaintiff's contributory negligence in not warning the driver of the danger of a collision with an approaching street car *held* a question for the jury.

3. STREET RAILROAD—CONCURRING NEGLIGENCE—INSTRUCTION.—An instruction that if defendant's motorman failed to give proper warning and such failure caused or directly contributed to plaintiff's injury, defendant was liable unless plaintiff was negligent and such negligence contributed to her injury.

Appeal from Jefferson Circuit Court; *W. B. Sorrells,* Judge; affirmed.

STATEMENT OF FACTS.

Kathleen L. Whitelaw brought this action against the Pine Bluff Company to recover damages alleged to have been sustained by her from a collision between the

automobile in which she was riding with its owner and
a street car at a street crossing in the city of Pine Bluff,
Arkansas.  On the 9th day of December, 1919, at about
1:30 o'clock in the afternoon, Kathleen L. Whitelaw,
while riding in an automobile driven by W. P. Keith,
was severely injured by a collision between the automo-
bile and a moving street car at the intersection of Pine
Street and Sixth Avenue, in Pine Bluff, Arkansas.  Kath-
leen L. Whitelaw, at the time she was injured, was sit-
ting on the front seat with W. P. Keith, and he was tak-
ing her to the Watson Chapel School to take a position
as teacher.  W. P. Keith was superintendent of public
schools of Jefferson County and had known the plaintiff
for about fourteen years.   The plaintiff was about
twenty-five years of age at the time she was hurt and
resided in the city at 901 Pine Street.  The car was be-
ing driven north on Pine Street and Professor Keith in-
tended to cross Sixth Avenue to go over on Fifth Avenue
because it was better driving on that street.  The street
car track was on Sixth Avenue, which runs east and
west.

According to the testimony of Professor Keith, he
understood operating an automobile, and had been driv-
ing the one in question since March 20, 1917.  Previous
to that time he had driven a Ford for about twenty
months.  On the day in question when they got nearly
to Sixth Avenue, they met a Ford car and a Ford deliv-
ery truck.  When he met these cars, Professor Keith
slowed down until he was just barely moving good.  He
met the last car just south of Sixth Avenue.  When he
went into Sixth Avenue, he was going very slowly.  Just
as he got to Sixth Avenue, Professor Keith applied his
brakes and then looked west on Sixth Avenue to see if
there was a car coming east.  He did this because he
would have to cross the south track first.  He saw there
was no car coming on the south track and then looked
east on Sixth Avenue.  He did not see any car in that
direction and took his foot off of the brake.  He kept

his foot on the brake until he was sure there was no car approaching from either direction and then took his foot off of the brake and allowed the automobile to proceed across the street car tracks. At this time he looked across Sixth Avenue north on Pine Street to see if there was another automobile coming from that direction. Just as he was crossing the south track he heard the clicking of the trolley overhead and immediately looked up to see from which direction a car was coming. He was taken by surprise because he had just looked in both directions to see if there was a car in sight and had not seen any. When he looked up at the overhead wire, he found out that the car was approaching on the north track, going west on Sixth Avenue. Professor Keith saw that the car was approaching at a pretty swift rate of speed, and that he would have to get out of its way because the motorman did not see him. The motorman was standing on the front of the car, but had his face turned toward the north and was not looking in Keith's direction. The left side of the motorman's face was turned toward Keith as if he might be turning the handle of the fare register. Keith changed his gear from high to second and put on all the power he could, but the car hit his automobile before he could get across the north track. The car was nearly across the north track before the street car struck it. Keith was listening in order to ascertain if a street car was approaching from either direction on Sixth Avenue and did not hear any gong or other warning of its approach. The first intimation he had of the approach of the street car was the clicking of the trolley as above stated. The automobile was approaching the street crossing at an angle and he was going across Sixth Avenue facing northeast. Keith could see east on Sixth Avenue through his wind shield and curtains and said that the only way he could account for not having seen the street car was that its color blended with the front of Davis Floral Company, situated on Sixth Avenue. As he approached the cross-

ing, Miss Whitelaw took her glove and rubbed the mist or moisture off of the wind shield.

According to the testimony of Kathleen L. Whitelaw, the plaintiff, she knew that Professor Keith was the owner of the automobile and understood that he was a careful driver. She was being taken by Professor Keith in his automobile to take a position as teacher at Watson Chapel School. As they approached the street car crossing on Sixth Avenue, Mr. Keith was sitting on the left hand side of the front seat driving the automobile and she was sitting beside him on the right. She did not hear the street car approaching the crossing and did not hear it give any warning of its approach. She did not see the street car until she felt the jerk of the automobile just before the street car struck it. It was only an instant after she saw the street car until the crash came, and she was knocked unconscious and severely injured. The plaintiff saw Mr. Keith look in both directions for approaching street cars as they turned into Sixth Avenue, and she also looked for approaching cars, but did not see any. She was asked how she accounted for the fact that she did not see the street car when she looked east and testified that she did not know.

On the part of the street car company, it was shown that Professor Keith admitted to several persons just after the accident that it was due to his fault or negligence in driving the automobile. It was also shown that any one in the automobile by looking east could have seen the approaching car for more than a block before it reached the crossing on Sixth Avenue.

According to the testimony of the motorman, he saw the automobile as it turned into Sixth Avenue, and as he got nearer to it he could see the driver and could tell that he had seen the street car. From the way the automobile was being driven the motorman came to the conclusion that its driver was going to continue east on Sixth Avenue to Main Street, as that was the way many people did. He just let the street car run along and

when he got nearly even with Pine Street, the automobile shot right in front of the street car, and it was done so quickly that the motorman did not have time to stop the street car.

Other evidence tended to corroborate the testimony of the motorman.

The jury returned a verdict in favor of the plaintiff in the sum of $7,500, and judgment was rendered accordingly. The defendant has appealed.

*Bridges & Wooldridge,* for appellant.

1. The judgment is clearly contrary to the evidence and the law, as plaintiff was guilty of such negligence as to bar her right of recovery. Both she and Keith, the driver, were guilty of negligence, and a recovery should not be allowed. 136 Ark. 23; 102 *Id.* 351-4. The driver did not use due care and caution. 137 Ark. 217-224-5-6. A passenger can not rely implicitly on the care of the driver; he must use ordinary care and watchfulness. 29 Cyc. 551; 120 N. Y. 290; 24 N. E. 449; 17 Am. St. Rep. 648; 64 Pac. 624; 76 S. W. 973; 29 Cyc. 351. Plaintiff and Keith, the driver, were both guilty of carelessness and negligence and want of ordinary care. They kept no lookout and did not use the slightest care. It is the duty of a guest to exercise at least ordinary care for his safety and appellee was clearly guilty of contributory negligence. 136 Ark. 23, 32; *Ib.* 277-8; 29 S. E. 319; 89 S. E. Rep. 887-8.

2. The court erred in giving instructions 2, 3 and 5 for plaintiff. 61 Ark. 381; 90 *Id.* 333; 95 *Id.* 297-301; 137 *Id.* 217, 227.

*Coleman & Gantt,* for appellee.

1. From the physical facts as well as the direct testimony it is plain that the motorman of the street car company was guilty of gross negligence; that he was not keeping a lookout, nor sounding his gong.

2. Regardless of the question of Keith's negligence, it is plain that appellee was in no way to blame for her

injuries. She was watchful and kept a lookout, and no negligence is shown. There is no error in the instructions. 136 Ark. 277; 72 *Id.* 572; 136 *Id.* 23.

3. Ten per cent. damages should be added to the judgment under our statute. 80 Ark. 273.

HART, J. (after stating the facts). The negligence of Professor Keith, if any, in driving the automobile, can not be imputed to the plaintiff under the facts disclosed by the record. The car belonged to Professor Keith, and he was driving it. The plaintiff was his guest, and had no voice in directing and governing the movement of the automobile. Hence the parties can not be said to have been engaged in a joint enterprise within the meaning of the law of negligence, and the negligence of the driver, if any, could not be imputed to the plaintiff. *Carter* v. *Brown*, 136 Ark. 23. In that case it was also held that, while the negligence of the driver of an automobile can not be imputed to one riding merely as his guest, it is the duty of the guest to exercise ordinary care for his or her safety, and that a failure to exercise such care which contributes to the injury will constitute contributory negligence.

In the application of this rule to the present case, it is insisted that the plaintiff was guilty of contributory negligence, and the court should have so declared as a matter of law. Counsel for the defendant point to the fact that the testimony plainly shows that the plaintiff could have seen a street car approaching from the east, and that it was the duty of the plaintiff to have notified Professor Keith of the danger from the approaching street car, and that, not having done so, she is guilty of such contributory negligence as bars her recovery in this case. We can not agree with counsel in this contention. The automobile belonged to Professor Keith, and the plaintiff was riding with him as his guest. She was not assisting, advising, or controlling him in driving the machine, and had no right to do so. Whether she saw the approaching street car, there being nothing

to obstruct the view of the track before reaching the crossing, in time to have warned Professor Keith of their danger, was a matter proper to be considered by the jury. She had known Professor Keith for many years and considered him a careful driver. He was accustomed to driving about the streets of Pine Bluff, where he must have of necessity frequently crossed street car tracks. Occupants of automobiles are not required to stop when they see a street car approaching, regardless of how far away it may be. It was the duty of the driver of the automobile to use ordinary care in crossing street car tracks in front of an approaching car. If, under the circumstances, the driver thought he could cross the street car track before the street car reached the crossing, he had a perfect right to do so. The plaintiff is not barred of recovery because the driver of the automobile might have been negligent. It was only the duty of the plaintiff to exercise ordinary care for her own safety. The jury might have believed that the driver of the automobile and the motorman were both negligent, and still have found for the plaintiff, because they believed that she exercised ordinary care for her own safety. The jury had a right to receive such parts of the evidence as it believed to be true and to reject that which it believed to be untrue. It might have believed that the plaintiff saw the approaching street car, but thought that Professor Keith also saw it, and believed that he had time to drive over the crossing ahead of it. The jury also might have believed that the attention of the plaintiff was not directed to the approaching street car until it was so close upon them that she had not time to give Professor Keith any warning of its approach. Indeed, she says that this is what happened, that she did not see the street car until the automobile gave a jerk when Professor Keith increased the speed in order to cross the track ahead of the street car. Under the circumstances adduced in evidence, there is nothing that required the plaintiff to have kept a constant lookout for

approaching street cars, or other vehicles. Professor Keith was experienced in handling automobiles, and accustomed to driving one on the streets of Pine Bluff. The court submitted to the jury the question of whether the plaintiff exercised ordinary care for her own safety under the circumstances adduced in evidence, and did not err in refusing to tell the jury as a matter of law that she was guilty of contributory negligence.

Counsel for the defendant also insist that the court erred in giving to the jury instruction No. 2, which reads as follows:

"If you should find from a fair preponderance of the evidence that the motorman in charge of defendant's car failed to give warning when approaching Pine Street by sounding his gong or otherwise, and in so doing failed to give such warning as an ordinarily prudent person in the exercise of ordinary care under the circumstances would have done, and that his said failure caused or directly contributed to plaintiff's injury, then it was negligence for which the defendant is liable, unless you further find the plaintiff herself was also negligent, and that such negligence caused or contributed to her injury."

There was no error in giving this instruction.

In *Bona* v. *Thomas Auto Co.,* 137 Ark. 217, the court held that where two concurring causes produce an injury which would not have resulted in the absence of either, a party responsible for either cause is liable for the consequent injury. But counsel for the defendant contend that the instruction is erroneous because it tells the jury that defendant was liable in the event of only directly contributing to the injury. They contend that this may have been accepted by the jury in the sense of aggravating; or that it may have been misleading to the jury because it might have thought that different care or different circumstances might have diminished the shock of the collision, by checking the speed of the street car.

We do not think the instruction is open to the objection made. If counsel thought the instruction was open to any such objection, they should have made a specific objection, and doubtless the court would have corrected the verbiage to meet the objection. The court simply meant to submit to the jury the question of concurring negligence within the rule above announced.

Other instructions are objected to for the same reason. We do not deem it necessary to set out these instructions, because the reasoning just given would apply equally to them.

We find no prejudicial error in the record, and the judgment will be affirmed.