## SANDERSON v. MARCONI.

### Opinion delivered June 6, 1921.

1. TRIAL—REQUESTS FOR PEREMPTORY INSTRUCTION—EFFECT.—Where each party asks for a peremptory instruction, no other instruction being asked for, this was tantamount to an agreement that the court might decide the issue, and it was not error to give a peremptory instruction to render verdict for the plaintiff if the evidence was legally sufficient to sustain the verdict.

2. INDEMNITY—RECOVERY OF MONEY NOT USED.—Where money was paid to bondsmen as indemnity against loss, there was an implied promise to return any of the money not used in discharging liability under the bond.

3. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Where no exception was saved in the trial court to the exclusion of testimony, the appellate court is not called on to decide anything in that regard.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*T. E. Webber, Jr.,* and *M. E. Sanderson,* for appellants.

Appellee can not recover any part of the money deposited, because it was put up by appellee for the express purpose of obstructing or perverting the due ad-

ministration of justice. 46 Ala. 523; 81 Ark. 41. Contracts to suppress evidence, or in any way interfering with or obstructing the course of justice, are against public policy and void. 80 Ark. 332. Where a claim or right to recover depends on a transaction *malum in se* or prohibited by law, and that transaction must necessarily be proved to make out the case, there can be no recovery. 91 Ark. 205. Money paid or advanced under an unlawful agreement, there was but one issue left, viz.: Plaintiff vanced it. 119 Ark. 502. See also note to L. R. A. 1918 C, p. 73.

*John N. Cook,* for appellee.

1. The material allegations of the complaint—putting up the money, paying out $350 in compromise of the judgment on the bond and the conversion of the remaining $350 by appellants—are not denied by the answer or evidence. The court properly ruled that there was an implied promise or assurance that any part of the money put up and not used would be returned. 110 Ark. 578; 140 *Id.* 512.

2. The second paragraph of the answer does not allege the corrupt agreement appellants now contend for —that the bond was executed for the purpose of enabling appellee's son to get out of jail and run off.

The law presumes every man is honest until the contrary is shown. 87 Ark. 358. A party can not complain that the court did not give an instruction on matter which the court held was not an issue in the case and to which no objection was made. 113 Ark. 120. When the court ruled that paragraph one of appellants' answer was not a defense, and that their answer alleged no fraudulent agreement can not be recovered by the person who adfurther understood from defendant Frank Carrara and from the advice of defendant M. E. Sanderson that none of this money would be returned to him in case his son failed to appear under the requirements of the bond. This phase of the case was never presented to the court by any kind of request, and it was a provision for a penalty and would not be enforced. 73 Ark. 432; 106 *Id.*

274. A defense not relied on in the lower court can not be relied upon on appeal to the Supreme Court. 71 Ark. 242. The answer of appellants and the evidence constituted no defense to the suit, and the peremptory instruction was proper. See 48 Ark. 491; 103 *Id.* 114.

3. The testimony for appellants was not uncontradicted or undisputed, and the court properly refused the peremptory instruction asked by appellants. 142 Ark. 240: 82 *Id.* 86; 113 *Id.* 190.

4. Both parties aske a peremptory instruction, and the court's findings are the same as the verdict of a jury. 142 Ark. 100; 118 *Id.* 134; 100 *Id.* 71.

McCulloch, C. J. The plaintiff, Louis Marconi, instituted this action against the defendants alleging that he delivered to them the sum of $700, consisting of $600 in cash and a bond of the United States of the denomination and value of $100, to indemnify them against loss as sureties on the appearance bond of plaintiff's son; and that the defendants accepted said sum and executed said bond on condition that the funds would be returned to him in the event plaintiff's son complied with the terms of the bond, and that the defendants should use such part of the funds so paid over as would be required to discharge their liability in event of forfeiture on the bond. plaintiff delivered the money to defendants "with any bond and a judgment in favor of the State which had been compromised by defendants on the payment of the sum of $350, and the prayer of the complaint was for the recovery of the balance of the money so paid over. Defendants answered, admitting the receipt from plaintiff of said funds and government bond, but denied that Plaintiff alleged that there had been a forfeiture of the promise or assurance whatever from said defendants that any part of this money would be returned in case a forfeiture was taken upon said bond." The answer contained a further statement "that the plaintiff well understood, and it was so explained to him, * * * that if he executed said bond that his son * * * would flee the country and would not be in attendance when his case was

called in said court, and that if plaintiff put up the money
for said bond the whole of the same * * * would be en-
tirely lost to him. The plaintiff further understood * * *
that none of the money would be returned to him in case
the son failed to appear under the requirements on said
bond.'' There was a trial before a jury which resulted
in a verdict in favor of the plaintiff for the sum of three
hundred and fifty dollars. This verdict was rendered
on the peremptory direction of the court.

The facts of the case, as related in the pleadings and
set forth in the testimony, are that plaintiff's son was
arrested and held in custody on a charge of felony, and,
in order to induce one of the defendants, Frank Carrara,
to sign a bail bond, the plaintiff delivered to one of the
banks in Texarkana, where Carrara resided, the sum of
$600 in money and a government bond of the denomina-
tion of $100 and drew a check in Carrara's favor for the
amount of the money. Carrara signed the bond, and the
accused, after being liberated on the bond, fled the coun-
try. A forfeiture was taken on the bond, and judgment
was rendered against the sureties in the sum of $500,
which appellants compromised for the sum of $350 and
paid it. The contention of plaintiff is that he paid over
the money under a promise that it was to be returned to
him if there was no forfeiture of the bond, and that
any part of it not used in paying a judgment on the bond
was to be returned to him. The defendants
contend that there was no express promise to return
the money, but, on the contrary, that the money was
received from plaintiff with the understanding that none
of it was to be returned to him in any event, whether
there was a forfeiture on the bond or not. One of the de-
fendants offered to testify concerning an agreement that
the money was paid with the understanding that the ac-
cused was to flee the country, but the court excluded that
testimony on the ground that such agreement was not
pleaded in the answer. There was no exception saved
to the ruling of the court in that regard.

The state of the proof is such that the jury might
have found that the agreement between the parties was

that the money was to be paid over to defendant Carrara as compensation to him for making the bond, and that no part of it was to be returned in any event, or the jury might have found from the testimony that the money was paid over to Carrara merely to indemnify him against any loss which he might sustain by reason of becoming surety on the bond. Each party asked for a peremptory instruction, and the court granted the plaintiff's request and refused the request of the defendants. This was tantamount to an agreement that the court should decide the issue, and it was not error to give a peremptory instruction under those circumstances, if the evidence was legally sufficient to sustain the verdict, no other instructions being asked for or given. *St. Louis S. W. Ry. Co.* v. *Mulkey,* 100 Ark. 71. There was, as before stated, sufficient evidence to warrant the jury in finding that, while there was no express promise to return the money, there was in fact an agreement that the money was paid to Carrara as indemnity against loss, and under those circumstances there was an implied promise to return any of the money not used in discharging liability under the bond.

It is argued here that there was evidence offered sufficient to show that the contract was unlawful, in that it was especially agreed that the money was paid over in consideration of the fact that the defendants would make the bond and the boy was to flee the country. There was no exception saved to the ruling of the court excluding this testimony, therefore we are not called on to decide anything in that regard. Even if the language of the answer be regarded as sufficient to present this issue, the findings of the court on the request for a peremptory instruction are sustained by sufficient evidence on such issue.

The judgment is therefore affirmed.