GRAVES *v.* JEWELL TEA COMPANY.

Opinion delivered January 27, 1930.

982

*Melbourne M. Martin,* for appellant.

*A. L. Barber* and *Roscoe R. Lynn,* for appellees.

McHANEY, J. Appellant and one Joe Murphy brought separate actions against the appellees to recover damages for personal injuries received by them in an automobile accident, which occurred on January 9, 1929, at 18th and Taylor streets, in the city of Little Rock, Arkansas. Appellant was riding in the automobile of Joe Murphy as his guest, traveling south on Taylor street, while the truck of appellee, Jewell Tea Co., was being driven west on 18th street by the appellee, Hewitt. The truck entered the intersection of the two streets, traveling at a very moderate rate of speed, at a time when the car driven by Murphy was some distance north of the intersection, and was struck by the Murphy car about the right rear wheel, with such force as to practically demolish the truck, and painfully injured appellee Hewitt. Murphy's car, after striking the truck, ran some distance beyond, knocked down a fence post and turned over, severely injuring appellant. Appellees filed answers, denying any negligence on their part, and alleging that the injury was caused by the negligence of Murphy by driving his car at

a reckless rate of speed, and without same being properly equipped with proper brakes and good working condition. Appellees also filed a cross-complaint against said Murphy, praying damages received by them because of said collision. The case was tried to a jury, which resulted in a verdict and judgment for appellees. Mary Graves only has appealed.

It is first insisted that the verdict is contrary to the law and the evidence, and this raises the question of the sufficiency of the evidence to support the verdict. The evidence was in dispute relative to the negligence of the respective drivers of the automobiles. In determining this question in this court, we must view the evidence in the light most favorable to the appellees, in whose favor the verdict was rendered. According to the testimony of appellant and Murphy, they saw the truck about three-quarters of a block away, and thought it was stopped on the east side of Taylor street, on 18th, and that Murphy blew his horn; that they continued to approach 18th street, and when they had got within 25 to 50 feet of the intersection, Hewitt drove the truck into the intersection in front of their car, and that Murphy swerved his car to the east in an effort to avoid a collision, but failed to do so. According to the evidence of appellees, Murphy was driving his car south on Taylor at a very rapid and dangerous rate of speed, from forty to eighty miles an hour; that Hewitt was driving west on 18th street at a very ordinary rate of speed, from five to ten miles an hour, as testified to by Murphy, and that he did not stop his car at the intersection to proceed west; that he saw Murphy's car about three-quarters of a block away, did not know he was driving so rapidly, thought he had ample time to cross the intersection, and that Murphy had his car under such control as he would be able to stop without hitting him. We think this testimony is sufficient to support the verdict for the appellees, even as to Mary Graves, an invited guest in the Murphy car. While it is true that the negligence of Murphy cannot be imputed to

appellant riding with him as his guest, it was the duty of appellant to exercise ordinary care for her own safety, and a failure to exercise such care, which contributed to her injury, would constitute contributory negligence on her part, barring a recovery. *Carter v. Brown*, 136 Ark. 23, 206 S. W. 71; *Pine Bluff Co.* v. *Whitlaw*, 147 Ark. 152, 227 S. W. 13. The court correctly instructed the jury at appellant's request in this regard in instruction B, as follows: "The court tells the jury that, even though you believe from a preponderance of the evidence, that both Joe Murphy and C. J. Hewitt were negligent, that Mary Graves is entitled to recover against defendants, unless she contributed to her injuries by some act on her part of omission or commission."

By returning a verdict for appellees, the jury must have found either that Hewitt was not negligent or that "she contributed to her injuries by some act on her part of omission or commission." The evidence was sufficient to support the verdict, and appellant's contention in this regard must be overruled.

It is next said that the verdict is not responsive to the pleadings, because it does not state whether it is for the defendants on the complaints, and that no verdict was returned for or against appellant on her complaint. The verdict of the jury was, "We, the jury, find for the defendants." The court instructed the jury very carefully on the form of verdict they should return, giving them five different forms, depending upon their findings: (1) for Murphy, (2) for appellant, (3) for appellee Hewitt on his cross-complaint, (4) for Jewell Tea Company on its cross-complaint, and then the court told them in the 5th form, "If, in your deliberations, you find that neither of the parties are entitled to recover, you will say, 'We, the jury, find for the defendants'." By the finding of the jury, in accordance with the instructions of the court, it is evident that in their opinion neither of the parties was entitled to recover, and therefore they followed the 5th form. Appellant made no objections to the forms of the

verdict provided by the court. Moreover, the record reflects that the jury, after it deliberated some hours, came into court and stated they were unable to arrive at a verdict, and that, if the counsel did not object, they would give their reasons therefor, which was agreed to. A member of the jury then stated that they would like to know whether they could find damages for Mary Graves and not find any damages for Murphy and Hewitt, and requested further instructions from the court thereon. The court then read all the instructions, and about fifteen minutes later the jury returned a verdict for the defendants on the 5th form. We therefore cannot see that the verdict rendered was the result of a misapprehension in the forms of the verdict submitted. Appellant made no objection to the action of the court in reading the instructions again, and did not insist on the court answering the question. She is therefore in no position to complain.

It is next said that the court erred in permitting a certified copy of the judgment of conviction of Murphy for reckless driving in the Little Rock municipal court to be offered in evidence, on the ground that evidence of a previous conviction in a criminal matter is not admissible in a civil action, and because the pleading alleged "speeding" and not reckless driving. If this might be said to be error, it was invited. A witness for appellant, Leonard Roberts, had testified that Murphy was arrested as a result of the accident. On cross-examination, he was questioned further about the arrest and trial, when counsel for appellant objected on the ground that "the record is the best evidence—he can introduce that."

"Mr. Lynn: Can I introduce a certified copy?"

"Mr. Martin: Yes, sir, re bob."

Hewitt was also cross-examined regarding this matter by appellant's counsel, as was also appellant's witness, Barber. Therefore appellant cannot complain.

Appellant next says that the court erred in permitting the introduction in evidence of the photographs of the scene of the accident, and of Hewitt's damaged car.

The witnesses, who made the kodak pictures and who made the enlarged photographs, were introduced and identified them, and many others who testified that the photographs were exact reproductions of the situation, with the exception of Murphy's car, which had been removed. No effort was made by appellant to show that the pictures did not correctly represent the situation. In *Sellers* v. *State,* 91 Ark. 175, 120 S. W. 840, this court quoted with approval from 9 Enc. of Ev., 771, as follows: "As a general rule, photographs are admissible in evidence when they are shown to have been accurately taken, and to be correct representations of the subject in controversy, and are of such a nature as to throw light upon it." In that case the court held: "It was error in a murder case to admit in evidence a photograph which purports to show the situation of the parties, and the place and conditions connected with the final rencounter, unless such photograph is verified by some witness in the case." Here the photographs admitted were sufficiently identified and verified, and were proved to be correct representations of the scene of the accident.

The next error appellant relies on relates to instruction No. 3, given at the request of appellees over appellant's objections. That instruction is as follows: "If you find from a preponderance of the evidence that, at the time the defendant, Hewitt, entered the intersection, the car in which the plaintiffs were riding was some distance away from the intersection, then Hewitt had a right to assume that the plaintiff's car was being driven at a rate of speed that would not be dangerous, and that he had his car under such control that he would be able to stop his car in time to prevent the accident, and, if you so find, your verdict will be for the defendants."

Only a general objection was made to this instruction, and it is now argued that it authorized the jury to impute the negligence of Murphy, assuming that he was negligent, to her. Conceding that this may be the effect of this instruction, standing alone, still, when considered

in connection with instruction B, above copied, we do not think the jury was so misled. If appellant had considered the two instructions to be in conflict in this regard, it was the duty of appellant to make this specific objection to it. Therefore the general objection was not sufficient.

Appellant next complains of appellee's instruction No. 13, given over her objections. This instruction is as follows: "Section 7426 of Crawford & Moses' Digest of the statutes of Arkansas provides that no person shall drive a motor vehicle upon any public highway in this state at a speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb or injure the property of another person, and that, if the rate of speed of any motor vehicle operating on any public highway outside of the closely built up or business section, or residence portion of any inhabited city, town or village, exceeds twenty miles an hour for a distance of one-fourth of a mile, such rate of speed shall be *prima facie* evidence that the person operating such motor vehicle is running at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the way, or to endanger the life or limb of any person. If you find from a preponderance of the testimony that the plaintiff, Murphy, was driving his car in excess of the speed limit as set out by this law, and that such speed was the proximate cause of the collision, then your verdict must be for the defendants."

A specific objection was made to this instruction on the ground that it was not the statute in force at that time, and because the statute relates to speed within the city, and that the collision occurred outside the city. The applicable statute is act 223 of 1927, page 721. By comparing the latter act with § 7426, C. & M. Digest, it will be seen that the provisions are substantially the same. There is nothing in the record to show that the collision occurred outside the city of Little Rock, and the parties in the trial of the case appear to have assumed as a fact

that the intersection of 18th and Taylor streets is in the city. It is also argued that this instruction failed to protect the rights of Mary Graves, and precluded a recovery by her, as it had the effect of imputing Murphy's negligence to her. What we have said with reference to appellees' instruction No. 3 applies with equal force here. No specific objection was made to this instruction on this latter ground. We therefore overrule appellant's contention in this regard.

Another ground suggested for reversal is the argument of one of the attorneys for appellees, based on the record of Murphy's conviction of reckless driving in the Little Rock municipal court. The record does not show what this argument was, or that it was objected to at the time, but is referred to for the first time in the motion for new trial. This was insufficient to present the question to the lower court, or to this court on appeal. *Sanderson* v. *Marconi,* 149 Ark. 97, 231 S. W. 554. Moreover, as we have already shown, the certified copy of the record of conviction was properly admitted as invited, and, having been properly admitted, it was subject to proper comment in argument of counsel.

The remaining assignments of error argued cannot be considered, as they were not included in the motion for a new trial, but were set out in an amendment to the motion for new trial filed out of time. Section 1314, C. & M. Digest; *Spivey* v. *Spivey,* 149 Ark. 102, 231 S. W. 559; *Field* v. *Waters,* 148 Ark. 325, 229 S. W. 735; 20 R. C. L., p. 302, § 83. In the last citation it is said: "To invoke the jurisdiction of the court to entertain a motion for a new trial, the motion must be made within the time allowed by the statute or enlarged by the court. * * * If the motion is filed out of time, it may be either stricken from the files or overruled, and all matters included therein will be unavailing on appeal or review. After the expiration of the time limited, the court is without authority to permit the filing of another motion upon different grounds, or even to permit an amendment of a notice of

motion for a new trial by adding thereto a new and independent ground therefor.''

The trial was concluded March 16, 1929. The motion for a new trial was filed March 28, 1929, the court having given thirty days for this purpose. It was overruled April 2, 1929, and appeal prayed and granted. Thereafter, on June 13, 1929, appellant filed what is called amendment to motion for a new trial, containing additional grounds of alleged error, and on June 14, the judge made this indorsement thereon:

''This amendment to motion for a new trial was filed on this June 13, 1929, and the court having previously adjourned until court in course, and, the court having no authority under the law to consider the motion in vacation at said time or after, the said motion is rejected or overruled. Exceptions saved. Done in vacation, this June 14, 1929. Thomas E. Toler, Judge.''

This action of the judge was correct, and this amendment presents nothing to this court for review.

Judgment affirmed.