SOUTHERN COMPRESS COMPANY *v.* ELSTON.

4-6726                                161 S. W. 2d 202

Opinion delivered April 27, 1942.

*W. J. Dungan,* for appellant.

*J. Ford Smith* and *Ross Mathis,* for appellee.

GREENHAW, J.   Appellee, a negro, was employed by appellant, a domestic corporation, his duties at the time of his injury being to help unload and weigh bales of cotton which were brought to appellant's compress and warehouse in Brinkley.  On October 31, 1940, appellee and Mose Clark, colored, were working together unloading bales of cotton from wagons and other vehicles, placing them on the scales to be weighed and otherwise handling the bales.

The warehouse had been filled, and at the time of the injury cotton was being unloaded and weighed on scales located on the ground near the warehouse.  Mose Yarborough, colored, drove into the yard with one bale of cotton, weighing about 500 pounds, placed upon the top of the sideboards of his wagon.  He could not lift

the bale, and Clark and appellee left the automobile in which they had been sitting, Clark going immediately to the wagon, and appellee going by the scales to get a tag to place upon the bale. Appellee then started to the wagon to help Clark and Yarborough unload the cotton.

Clark had gone on the other side of the wagon, and pushed up on the bale so that it fell on the ground on the side of the wagon nearest the scales, bounced, rolled and landed upon appellee, who was endeavoring to get out of its way, badly injuring his right leg and fracturing the bones in the knee.

Thereafter suit was filed against appellant, alleging that the injuries which appellee sustained were due to the negligence of his fellow-servant, Mose Clark, in pushing the bale of cotton off of the wagon without looking and without ascertaining the whereabouts of appellee. The jury returned a verdict in favor of appellee for $2,000, upon which judgment was entered, and from which is this appeal.

Only two grounds of error are assigned and relied upon for reversal of this case: (1) that the Woodruff circuit court had no jurisdiction, it being alleged by appellant that appellee was a resident of Brinkley, Monroe county, at the time his injury occurred in Monroe county, and that suit therefore could not be brought in Woodruff county under the Venue Act; (2) that the court erred in not directing a verdict for appellant, for the reasons that there was no negligence shown on the part of the fellow-servant, Mose Clark; that the injury was due to the appellee's negligence, which was the proximate cause of his injury; and that appellee's injury was the result of an accident.

We are unable to agree with the contention of appellant that appellee at the time of his injury was a resident of Monroe county. The evidence showed that appellee was born and reared at Cotton Plant, in Woodruff county, where he has lived all of his life, farms in the spring and summer and owns his home. He has been working around cotton compresses during the fall and winter for many years.

The only evidence upon which appellant predicates its contention that appellee was a resident of Monroe county is the testimony of Mose Clark to the effect that some time before the accident he and appellee rented a room in Brinkley for about three weeks. However, Clark testified that on this date he left his home in Cotton Plant and rode to Brinkley in a truck operated by Ben Walker which transported some 12 or 15 negroes from Cotton Plant to Brinkley to work for appellant. He did not remember whether appellee rode from Cotton Plant to Brinkley that morning with him and the other negroes. Clark further testified that it was customary for men working at the Brinkley compress to go back and forth from Cotton Plant to Brinkley.

Appellee testified that he never lived in Brinkley or Monroe county, and that he rode from Cotton Plant to Brinkley on this occasion in the truck of Ben Walker. Appellee further testified: "Q. About how many went from Cotton Plant to Brinkley and back every morning? A. About 12. Q. Where did those negroes live? A. At Cotton Plant. Q. How did they go to work every morning? A. With Ben Walker. Q. All 12 of them? A. Yes, sir. Q. How did he take them? A. In a truck. Q. When did you come home, every evening? A. In the evening. Q. All of them lived at Cotton Plant and came back every night? A. Yes, sir. Q. Do you own a home in Cotton Plant? A. Yes, sir."

We have concluded that under the evidence appellee was a resident of Woodruff county within the meaning of act 314 of 1939, the Venue Act, and that he had a right to prosecute his suit in Woodruff county.

We think there was substantial evidence of negligence on the part of Mose Clark, an employee of appellant and fellow-servant of appellee, which warranted the submission of this case to a jury. In determining the question as to whether there was substantial evidence of negligence, this court views the evidence in the light most favorable to the appellee in whose favor the verdict was rendered. *Graves* v. *Jewell Tea Co.*, 180 Ark. 980, 23 S. W. 2d 972.

The undisputed evidence showed that at the time appellee was injured it was his duty, in company with Mose Clark, to unload bales of cotton and place them upon the scales to be weighed. The owner of the bale of cotton in question was unable to remove it from the sideboards of his wagon. Both Clark and appellee, when the owner of this cotton drove into the yard near the scales, left the automobile in which they were sitting to handle this bale of cotton. Clark went directly to the wagon, and seeing that the owner was unable to lift the cotton off the wagon went around on the opposite side of the wagon from appellee in order to help the owner get the cotton off the wagon. Appellee testified that he went first to get tags to place on the cotton, and was proceeding to the wagon to help unload it, and when he had reached a point a few feet from the wagon, without any warning whatever the bale was toppled off in his direction, and he endeavored to run away to avoid being struck by it. The bale bounced and rolled in the direction which he was running, rolled upon him, resulting in serious injury to his leg and knee. His testimony was corroborated by the testimony of both Clark and the owner of the cotton.

Clark admitted that he did not see Elston at the time he pushed the cotton off the top of the wagon, did not look, and gave no warning that he was going to push the bale off the wagon. He testified: "I tilted the bale of cotton without knowing where Elston was."

Mose Yarborough, the owner of the cotton, testified: "Q. When he saw the bale coming he started to get away from it? A. Yes, sir. Q. He was going away from the bale of cotton? A. Yes, sir. Q. It hit the ground and bounded after him? A. Yes, sir. Q. And later he slipped and fell? A. He went to the ground. I don't know whether he slipped or not; it seemed like he did. Q. The bale caught up with him? A. The last I seen of him the bale was going on him; he was on the ground on his face."

There was practically no conflict in the testimony of all the witnesses as to the facts resulting in the injury to appellee, nor was there any material conflict in the

testimony of the physicians who treated and examined appellee. All conceded he was seriously injured, and the testimony showed that appellee, due to his knee injury, would be permanently incapacitated from performing all of the manual labor to which he was accustomed. Appellant does not contend that the verdict is excessive.

We have concluded that the court did not err in refusing to direct a verdict for appellant, since there was substantial evidence which warranted the submission of the issues to a jury. We find no error, and the judgment is affirmed.