GREGORY *v.* REES PLUMBING COMPANY, INC.

5-256                                                            263 S. W. 2d 697

Opinion delivered January 18, 1954.

*Frank Sloan* and *W. B. Howard,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

Ed. F. McFaddin, Justice. Appellee, Rees Plumbing Co., Inc. (hereinafter called "Rees"), filed this action against the appellant, Mode Gregory, on an itemized account for $1,180.29, for materials and labor furnished in installing a boiler in Gregory's cleaning establishment in Jonesboro. Gregory's defenses were: (a) that the contract price was $153.23, plus some extras, making the total amount due Rees to be $341.33, for which Gregory offered to confess judgment; and (b) that the charges in excess of $341.33 were not only erroneous but also exorbitant. The cause was tried to a jury in February 1953, and resulted in a verdict and judgment for Rees for $1,001.00. To reverse that judgment Gregory brings this appeal, and urges the assignments now to be discussed.

I. *Improper and Prejudicial Arguments by Rees' Attorneys.* There are several arguments of which Gregory complains:

(a) We quote from the record which appellant brings to us by what is conceded[1] to be equivalent to a bystander's bill:

"In the closing argument for plaintiff, Berl S. Smith, counsel for plaintiff, told the jury that plaintiff's claim was just and should be allowed; and that the jury should not consider or be deterred by the fact that defendant Mode Gregory disagreed with plaintiff's contentions, as it was not unusual for Gregory to disagree, in that this was the second case said defendant had in this term of court, and that defendant was in litigation at all times and every time the court met. Whereupon, defendant's counsel, W. B. Howard, objected to the argument, asked the court to instruct the jury to disregard it, and further asked the court to tell the jury that defendant had been in several lawsuits in this court in the past two years and that defendant had won everyone of such lawsuits. The court responded to this objection by telling the jury that the argument of Mr. Smith was improper and that they should not consider

[1] The concession makes it unnecessary for us to consider the matter of a bystander's bill. See § 27-1751, Ark. Stats.

such improper argument; but the court refused to tell the jury that defendant had been involved in previous litigation wherein he had been successful in every instance. At this time, Mr. Smith stated that he was sorry that he made the argument and that it had just 'slipped out'."

It will be observed that after Mr. Smith apologized for the argument, the appellant's counsel was apparently satisfied and did not urge any further objection, or request any further admonition to be made by the Court, or save any exceptions[2] to the failure of the Court to give any further admonition. In *Kiech* v. *Hopkins*, 108 Ark. 578, 158 S. W. 981, we said:

"Unless the party affected excepts to the failure on the part of the Court to remove, or to attempt to remove, the prejudice of the improper argument, he will be deemed to have waived any error predicated thereon. *Meisenheimer* v. *State*, 73 Ark. 407; *Southwestern Tel. & Tel. Co.* v. *Abeles*, 94 Ark. 254."

In *Jenkins* v. *Quick*, 105 Ark. 467, 151 S. W. 1021, and also in *Ft. Smith Lbr. Co.* v. *Shackleford*, 115 Ark. 272, 171 S. W. 99, we held that arguments, no more improper than that here involved, were cured when the Court admonished the Jury and the attorney apologized for the improper argument and withdrew the statement. The cited cases are ruling on the point here at issue.

(b) We again quote from the record which appellant brings to us by what is conceded to be equivalent to a bystander's bill:

"He[3] then continued with his argument and in attempting to explain why one of the original invoices was captioned as billed to the Fidelity and Casualty Company for work at Leachville, Arkansas and why plaintiff's bookkeeper was not called as a witness on this matter, Mr. Smith stated that Harold Rees was an honest man and wanted only what was coming to him, that

---

[2] The case was tried in February 1953, which was before enactment of Act 555 of 1953.

[3] *i. e.*, Mr. Smith, attorney for Rees.

plaintiff's counsel wanted him to have only what was coming to him; and that he, Berl S. Smith, knew the entire claim was just, true and correct because he had *personally* checked the books and records of the plaintiff corporation. The attorney for the plaintiff then said that W. B. Howard was an able opponent and had done a magnificent job with nothing to work with, and that a good example of Howard's ability to make something out of nothing was the action of counsel in connection with the appearance and testimony of the witness Ralph Burton, of which, the said Berl S. Smith stated in substance 'Now we see the Master calling for a witness and then having the court issue an attachment, then cross-examining his own witness'."

It is conceded that Gregory's attorney offered no objection to any of the argument as contained in the quotation just given, and that it was not until the Motion for New Trial that any objection was ever made to the portion of the argument last quoted. In *Graves* v. *Jewel Tea Co.*, 180 Ark. 980, 23 S. W. 2d 972, an objection to an argument was made for the first time in the Motion for New Trial, and we said of such objection:

"This was insufficient to present the question to the Lower Court, or to this Court on appeal. *Sanderson* v. *Marconi*, 149 Ark. 97, 231 S. W. 554."

Again in *Caldwell* v. *State*, 214 Ark. 287, 215 S. W. 2d 518, we said:

"Furthermore, an objection to an improper argument comes too late if made for the first time after the jury has retired. *Snow* v. *Cleveland Lbr. Co.*, 224 Ala., 564, 141 So. 243; *Matthews* v. *Dudley*, 212 Cal. 58, 297 Pac. 544; *Bond* v. *Bean*, 72 N. H. 444, 57 A. 340, 191 Am. St. Rep. 686; see, also, 64 C. J. 286, and cases collected in West's Decennial Digest, 'Trial', Sec. 131 (2)."

The cited cases establish that Gregory has not presented us with a record showing timely objections on the arguments involved in this sub-topic.

(c) Finally on this matter of improper argument, Gregory claims that the effect of the combined argu-

ments as heretofore quoted in (a) and (b) was so devastating to Gregory's case that no objections, exceptions, or Court admonitions could have erased the effect of these arguments from the mind of the Jury; and so Gregory claims that he is entitled to a reversal under the authority of the case of *German-American Ins. Co. v. Harper,* 70 Ark. 305, 67 S. W. 755.

In the said German-American case, when the improper argument was made *and was objected to,* the Trial Court admonished the Jury to disregard the argument; but we held that the argument was so prejudicial that it could not be cured by the admonition given. Accordingly, we awarded a new trial. But in the case at bar, and under the state of the record, the extreme ruling of the German-American case does not apply. Here, after Mr. Smith apologized for the improper argument as quoted in sub-topic (a), he continued without any further objection of any kind. Gregory's attorneys could not remain silent and chance the result of a favorable Jury verdict, and then, after an unfavorable verdict, be heard for the first time to make the claims about the argument being so devastating to their cause. We hold that the arguments here involved were not of the character discussed in *Wilson* v. *State,* 126 Ark. 354, 190 S. W. 441.

Furthermore, in passing on the Motion for New Trial on this point, the learned Trial Judge said:

"In this case it is my considered opinion that the remarks of plaintiff's attorney did not affect the result and that no prejudice resulted to defendant therefrom  .  .  .

"Both plaintiff and defendant were ably represented in this case. It was tried by a jury who impressed me that they, in this case and all others tried before them, were honestly seeking to ascertain the truth. They were not the type to be easily influenced by matters outside the record. The motion will be denied, and this opinion shall become a part of the record in this cause."

We adopt the findings of the Trial Court and deny appellant any relief in the matter of improper argument.

II. *Newly Discovered Evidence.* The judgment was rendered in favor of Rees on February 11, 1953, and the Motion for New Trial, based on the claim of improper argument, was overruled on April 22, 1953. Thereafter —on July 25, 1953—Gregory filed another Motion for New Trial; and it was on the ground of newly discovered evidence.[4] He claimed that he had just discovered that the installation of the boiler by Rees violated a number of rules and regulations of the Arkansas Boiler Inspection Division; and that these violations had not been earlier discovered because Gregory had been led to believe that Reese had caused the installation to be examined and approved by the State Boiler Inspection Division.

Conceding without deciding (a) that the rules and regulations of the State Boiler Inspection Division are valid in every respect, and (b) that Rees, in installing the boiler for Gregory, violated the rules here involved, nevertheless we hold that Gregory waited too long to urge such violations. With the exercise of reasonable diligence, Gregory could and should have discovered all of this boiler inspection matter before the trial of the case in February, 1953. His Motion for New Trial should have been denied because of lack of due diligence. Section 5 of Act 127 of 1937 is now found in § 81-505 Ark. Stats., and it is the applicable Statute on the inspection of boilers. This statute says:

"No owner or user of a steam boiler, or engineer or fireman in charge of it, shall operate or allow it to be operated without a certificate of inspection issued by the Commissioner of Labor, . . ."

When Gregory accepted the completed installation from Rees and commenced using the boiler, he should at that time have required Rees to furnish him a certificate issued by the Commissioner of Labor, as provided by the statute just quoted. The law imposed on Gregory the inhibition against using the boiler without such certificate, and the alleged "misleading" by Rees could

---

[4] Subdivision 7 of § 27-1901, Ark. Stats., is the applicable Statute regarding newly discovered evidence.

not have excused Gregory for failure to have the boiler certificate. Furthermore, when Rees filed this action against Gregory in December, 1952, Gregory should then have demanded such certificate if Rees had led him to believe that a certificate had been issued. Instead, Gregory admitted in his answer that he owed $341.33 for the installation. Certainly when Gregory knew Rees was claiming more than Gregory thought due, Gregory should then have investigated to see if Rees had complied with the boiler inspection law. It was too late for Gregory to wait until after the trial and then seek to offer a defense that should have been presented at the trial.

The judgment is affirmed.