HICKS *v.* LADY.

5-1833                                        323 S. W. 2d 429

Opinion delivered April 27, 1959.

*Cecil C. Matthews,* for appellant.

*Milton G. Robinson,* for appellee.

ED. F. McFADDIN, Associate Justice. The Trial Court refused to grant appellant a new trial on his claim that the jury was guilty of misconduct; and here is appellant's wording of his assignment of error: "Trial court should have sustained Appellant's motion for mistrial and new trial for reason that jurors received additional evidence from some of their members which was highly prejudicial to the Appellant and which tended to the discredit of Appellant's testimony."

The background facts are these: Mr. Hicks sued Mrs. Lady for damages arising from the collision of their automobiles. In the course of the trial, Mr. Hicks testified that he had a Kodak with him at the time of the collision (which occurred in Poinsett County); and that immediately after the collision he took a picture of his car at the place where the collision occurred. Mr. Hicks offered the picture in evidence; another witness testified that he did not see Mr. Hicks taking any pictures. After the jury had deliberated for a time, the jury returned into open Court, and on Page 43 of the transcript the record reflects the following, and only the following, to have occurred:

"After the Court had instructed the Jury as to the law in the case, the Court directed the Jury to go to the Jury room to deliberate on the case. Sometime thereafter the Jury appeared before the Court and stated to the Court that it was the opinion of some of the Jurors that the picture was not taken at the scene of the accident but was taken at Fairbanks Morse and Company. The Court instructed the Jury it could not pass on the evidence, that was the province of the Jury and not the Court. The Court directed the Jury to return to the jury

room for further deliberation and sometime thereafter the jury returned with the following verdict.''

The jury returned a unanimous verdict in favor of Mrs. Lady; and then — for the first time according to the record — Mr. Hicks registered a protest[1] to the action of the jury, regarding the picture. The verdict was returned on May 19th; and on May 22nd Mr. Hicks filed a motion for new trial on the alleged ground of the jury's misconduct. This motion for new trial was not verified and no evidence was heard on the motion, nor was any stipulation of any kind entered into. On July 2nd the Trial Court denied the motion for new trial.

With the foregoing background facts before us, we conclude that Mr. Hicks cannot prevail in this Court on his claim for new trial. There are several reasons which impel our conclusion; but we mention only the following:

In the first place, Mr. Hicks offered no seasonable objection to the alleged misconduct. The first intimation in the record that any one on the jury doubted the locality in which the picture was alleged to have been taken was the occurrence reported on page 43 of the transcript, as previously copied. No objection of any kind was made at that time, and the jury retired to the jury room for further deliberations. Thus, both parties (plaintiff and defendant) ''took the chances'' on what the verdict would be. If Mr. Hicks had desired to make any objection about the jury's alleged misconduct, the time and place for him to have done so was then and there in open Court, when one member of the jury announced that some of the jurors did not believe that the picture was taken at the scene of the collision. Such objection should have been made before the Court permitted the jury to retire for further deliberations.

The authorities generally hold that, where alleged misconduct of the jury was known to the party claiming

---

[1]The protest was after the jury had been polled and unanimously affirmed the verdict; and the protest was as follows: "If the Court please, I would like to move for a mistrial at the present time on the grounds that the Jury took upon themselves to determine and presume an issue of fact that was not introduced into evidence and of which no testimony was offered and reportedly came from their own knowledge of circumstances surrounding the making of the picture."

to have been prejudiced thereby, or to his counsel, during the trial and before a verdict was rendered, and no objection was made thereto, such party cannot, after an adverse verdict, assert the misconduct as grounds for new trial.[2] Our own case of *Ark. Central RR. Co.* v. *Morgan,* 129 Ark. 67, 195 S. W. 403, is in full accord with this rule. In that case, this Court recognized that when the counsel knew, in the course of the trial, of an alleged act of misconduct, and failed to call it to the attention of the Trial Court until after the verdict, such delay constituted a waiver. Here are excerpts from Judge Frank G. Smith's language: ''. . . before the rendition of the verdict, and while the opportunity yet remained for counsel for appellant to make complaint of the improper conduct . . . to the Court, thereby affording opportunity to inquire into the incident . . . appellant elected to take chances upon the result of the verdict, and made complaint to the Court only after the verdict had been returned . . . Having taken its chance on the verdict of the jury, by failing to speak when it should have spoken, we will not disturb the finding of the Court upholding the integrity of the verdict.'' For similar declarations of our Court, see *Leech* v. *Mo. Pac. Ry.,* 189 Ark. 161, 71 S. W. 2d 467; and *Gregory* v. *Rees Plbg. Co.,* 222 Ark. 908, 263 S. W. 2d 697.

There is another reason why the appellant is not entitled to a new trial in this case, and it is well to note it as a guide in future procedural matters. When Mr. Hicks filed his motion for new trial and alleged the misconduct of the jury, he failed to verify his motion. Section 27-1905 Ark. Stats. requires that when the motion for new trial is because of the alleged misconduct of the jury (the second ground in § 27-1901), the motion must be sustained by affidavits. This was not done. It is true that Act No. 555 of 1953 (as found in § 27-2127.5

---

[2]The textual statement is taken from 39 Am. Jur. 86 (''New Trial'' §71). Other authorities on the same point are as follows: American Annotated Cases, Vol. 16 p. 177 on ''Waiver of Objection''; and 150 A.L.R. 968 on ''Waiver of Misconduct''. In Ann. Cas. 1912A at page 223, there is a note entitled, ''Right to new trial for misconduct of juror where objection is not made until after verdict, though fact is known to moving party before that time''; and cases from over a score of jurisdictions are cited.

Cumulative Pocket Parts of Ark. Stats.) says that in civil cases no motion for new trial and no assignment of errors shall be necessary in certain instances. But such provision relates to the use of the motion for new trial as an assignment of errors claimed by the appellant to have occurred in the course of the trial. In instances such as misconduct or newly discovered evidence, the provisions, as to affidavits to accompany the motion, still apply.

Finding no error, the judgment is affirmed.