## WILKES VS. COTTER.

ARBITRATION: *Common law as to, not repealed.*

 The provisions of the revised statutes on the subject of arbitration do do not repeal the common law in relation thereto, nor are parties thereby prohibited from submitting their controversies to arbitration without the intervention of a court.

AWARD: *Defense to action on.*

 An award can always be enforced by an action, and the defendant may avail himself of any defense appearing on the face of the award

and submission, or any defense that would defeat any other written agreement.

APPEAL from *Phillips* Circuit Court.

Hon. W. H. CLAYTON, Circuit Judge.

*Palmer & Sanders*, for appellant.

*A. H. Garland*, for appellee.

BENNETT, J.   On or about the 30th day of May, 1872, there was a suit pending in the Phillips circuit court for the enforcement of a laborer's lien, wherein W. O. Wilkes was plaintiff and W. D. Cotter was defendant, and said Wilkes and said Cotter, being desirous of adjusting and settling the matter in controversy between them, without further litigation, agreed outside of court, to submit the matter of said controversy to arbitration.   H. W. Cotter, Sr., agreed to join with the said W. D. Cotter in executing the articles of agreement, submitting said matter in controversy to arbitration. On the 30th day of May, 1872, articles of agreement were executed and signed by W. O. Wilkes, W. D. Cotter and H. W. Cotter.   In said articles it was agreed that Gen. O. C. Govan and Thomas Gist shall act as arbitrators, and if they fail to act, two other parties shall be selected by the parties who shall have the same power to act as was conferred on Govan and Gist.   The arbitrators have power to appoint a day on which to meet and settle the controversy.   It was further agreed, that if said arbitrators should decide that said Wilkes was entitled to any amount upon settlement of claims, etc., it should be paid off and discharged with cash in hand. And it was further agreed, that the award of said arbitrators should be final and decisive in settling all matters of dipute between Wilkes and Cotter; and H. W. Cotter, Sen., and W. D. Cotter did covenant and agree to and with W. O. Wilkes, that they would pay off and discharge with cash, the balance found due him by these arbitrators.

On the 9th day of November, 1872, the arbitrators met and adjusted the matters in controversy between Cotter and Wilkes, and made their award in writing, as follows: " In our judgment, we believe the said W D. Cotter is owing and indebted to the said W. O. Wilkes in the sum of three hundred and ninety-six dollars, and do award to him that sum." This is signed by them.

Afterward W. D. & H. W. Cotter refused and failed to pay off this sum, according to their agreement and covenants. Wilkes then brought suit before a justice of the peace upon this agreement and award, and obtained a judgment; from which judgment the Cotters appealed to the circuit court of Phillips county. Upon trial in the circuit court, the Cotters moved to dismiss the suit, because the same purports to be founded upon an arbitration upon an agreement between the parties to arbitrate, when from the award made out by the arbitrators, it appears that they failed to comply with the law.

The court sustained the motion, dismissed the suit, and Wilkes appealed to this court.

On the part of Cotter, it is contended that since the adoption of the code of practice, no arbitration is binding on the parties unless it is made in the manner therein prescribed.

There is nothing contained in the provisions of the revised statutes or of the code of practice on this subject, which repeals the common law, or prohibits a submission under an agreement of the parties. The manner in which controversies may be submitted to arbitration under an order of court, so that the award may be made the judgment of the court, is therein prescribed; but the common law on the subject is not altered, nor are parties prohibited from submitting their controversies to arbitration without the intervention of a court. Consequently this objection to the award is untenable. It is admitted by Wilkes, the appellant, that if this was an attempt

to arbitrate under section 494 of the code, the decision of the circuit court in dismissing the cause was correct. This is not an arbitration suit, but rather an action on specific written articles of agreement where two persons agreed to submit matters in controversy to arbitrators for adjustment, and bound themselves to abide their decision. This is an action on that covenant and the award made in accordance with it. This submission is a contract, the consideration of which is the settlement of differences between the parties, and the obligation to perform the award arises from the promises express, contained in the articles of agreement. Comyns' Dig. Arb., D; Bacon Abr. Arb., C; *Furbish v. Hall,* 8 Greenl., 315.

When there is a capacity to contract with a liability to pay, there is generally a power to arbitrate. *Brady v. The Mayor of Brooklyn*, 1 Barb., 584.

An award can always be enforced by an action. In such case, defendant may avail himself of any defense appearing on the face of the award and submission, or any defense that would defeat any other written agreement; such as misconduct or partiality of arbitrators, or fraud, mistake or injustice of parties. This submission was the act of the parties, and if either neglects to perform as he has agreed, recourse may be had to an action upon the award, or upon the submission, agreement or bond, or upon both.

It will not be contended that the parties to these articles of agreement or bond were not capable in law of binding themselves by a contract. It is a general principle that all persons capable of suing and being sued may be parties to a reference. The rule is generally laid down in these words: "Every person capable of making a disposition or a release of his right may make a submission of that right to arbitrators, and consequently will be bound by an award made in pursuance thereof."

The court below erred in dismissing this case. The judgment is reversed and cause remanded, with instructions to reinstate it and proceed to final judgment.