## SPIVEY *v.* SPIVEY.

### Opinion delivered June 6, 1921.

NEW TRIAL—TIME OF PRESENTING MOTION.—Where a judgment was rendered against plaintiffs on the day before the court adjourned, but was not presented to the circuit judge in vacation until after thirty days after its rendition, as required by Crawford & Moses' Digest, § 1314, plaintiffs were in the same attitude as if they had permitted the term to lapse without having filed a motion for new trial or having had the same passed upon by the court within the time allowed by law.

Appeal from Desha Circuit Court; *W. B. Sorrells,* Judge; affirmed.

*John T. Cheairs, Jr.,* for appellants.

1. Argues the merits of the controversy which are not passed on by the court, citing Kirby's Digest, §§ 2698-9, 2700 to 2715; 52 Ark. 193-201; 40 Cyc. 1966; 21 *Id.* 568; 53 Ark. 261.

2. The widow of Louis Spivey was absolutely barred from participating in the fund. She must renounce the will in order to claim dower. 40 Cyc. 1968; should be divided among the appellant heirs.

*Danaher & Danaher* and *DeWitt Poe,* for appellee.

1. The statute has not been complied with, and there is no bill of exceptions. C. & M. Digest, § 1314. The motion for new trial was not presented to the judge within the time prescribed by law. *Ib.*

2. The provision in the will was not in lieu of dower, and it was not necessary for the widow to renounce the will to take dower. 52 Ark. 200. The money 64 Ark. 1; 117 *Id.* 144; 121 *Id.* 479. Jarman on Wills, p. 502; C. & M. Dig., § 3526.

McCULLOCH, C. J. Appellants are the next of kin and heirs at law of Louis Spivey, who died testate and by his will disposed of all his property except a certain sum of money. The testator by his will gave certain land and personal property to his widow, and the balance of his estate, except a sum of money not disposed of, was devised to certain of his relatives, and to his wife's grandchildren—these last being the descendants of children born to the widow of the testator by a former marriage.

The executor named in the will administered the

estate, and this proceeding was begun in the probate
court to require the executor to pay appellants the sum
of money not disposed of by the will. The case was heard
in the probate court, and an appeal was duly prosecuted
to the circuit court, where a trial of the issue was had.
The decision there turned upon the question of the duty
of the testator's widow to elect whether she would take
under the will or not. The court rendered judgment in
favor of the widow on August 25, 1920, and on the fol-
lowing day adjourned for the term. A motion for a new
trial was filed on August 26, the day of adjournment,
but the motion was not presented to the court until the
28th day of September, when the same was heard by the
judge in vacation and overruled. In overruling the mo-
tion for new trial the court did not endorse on the back
of the motion therefor an order granting an appeal and
specifying a time within which a bill of exceptions might
be filed.

In prosecuting this appeal appellant has proceeded
under section 1314, C. & M. Digest, which reads as
follows:

"The application for a new trial must be made
at the term the verdict or decision is rendered, and,
except for the cause mentioned in subdivision seven of
section 1311, shall be within three days after the verdict
or decision was rendered, unless unavoidably prevented;
provided, that where the verdict or decision is rendered
within three days of the expiration or adjournment of
the term, a motion for a new trial, with an alternative
prayer for appeal to the Supreme Court in case said mo-
tion be overruled, may be presented, upon reasonable
notice to the opposing party or his attorney of record,
to the judge or chancellor, or his successor in office, of the
district in which said verdict or decision was rendered,
wherever he may be found, at any time within thirty
days from the date of said verdict or decision, and such
judge or chancellor shall pass upon said motion and in-
dorse his ruling thereupon, upon the back of the motion,
either granting the motion or overruling same; and if
said motion be overruled he shall also indorse upon said

motion, his order granting an appeal to the Supreme Court, and his further order specifying a reasonable time allowed in said cause for filing a bill of exceptions. Upon filing such motion and the judge's order thereon with the clerk of the court where the cause is pending, it shall become a part of the records and files of the cause, and shall have the same legal force and effect as if same had been filed in term time, as now provided by law.''

It is insisted that this statute has not been substantially complied with, and that there is, therefore, no bill of exceptions bringing into the record for review the testimony in the case.

This contention appears to be well taken. The statute requires that the motion for a new trial be presented to the court for its action and be acted upon by the court within thirty days of the date of the verdict or decision. This was not done within the time limited by law; nor did the court fix the time within which a bill of exceptions might be filed. The statute not having been substantially complied with, appellants are in the same attitude they would be in if they had permitted the term to lapse without having filed a motion for a new trial or of having had the same passed upon by the court during the term at which it was filed, and the judgment must, therefore, be affirmed. *Field* v. *Waters,* 148 Ark. 325, and cases there cited.

It is so ordered.