The Chicago, Rock Island & Pacific Railway Company v. McCoy, Administratrix.

4-6565                                                        157 S. W. 2d 761

Opinion delivered January 19, 1942.

Thos. S. Buzbee and A. S. Buzbee, for appellant.

O. D. Longstreth, John D. Thweatt and Cooper Thweatt, for appellee.

Smith, J. Appellee, in her capacity as administratrix of the estate of her deceased husband, Elias McCoy, recovered judgment against appellant to compensate the death of her husband through the alleged negligence of appellant.

The judgment was rendered March 4, which was the second day of the term of court, and on March 11 a motion for a new trial was filed which assigned various errors.

The order of the court overruling the motion for a new trial reads as follows: "On this 8th day of April, 1941, the motion for a new trial of this cause is pre-

sented to the judge at Lonoke, in Lonoke county, Arkansas, in vacation, and being well and sufficiently advised in the premises the same is overruled, to which action of the judge the defendants at the time excepted, and asked that their exceptions be noted of record, which is accordingly done; and thereupon the defendants prayed an appeal to the Supreme Court of this state, which was granted, and a period of ninety days is granted said defendants within which to prepare, present and file a bill of exceptions herein.''

The errors assigned in the motion for a new trial are such that they may not be considered in the absence of a bill of exceptions, which must, of course, have been filed within the time limited by law. It becomes necessary, therefore, to determine whether the bill of exceptions was filed in apt time.

The decision of this question requires a construction of act 167 of the acts of 1939, p. 402, which amends §§ 1539 and 1540, Pope's Digest. For present purposes it is necessary to consider only the first section of the act, which amends § 1539, Pope's Digest, to read as follows:

''Section 1. That §§ 1539 and 1540 of Pope's Digest of the Statutes of Arkansas be amended, so as to read as follows:

''Section 1539. The application for a new trial, except for the cause mentioned in subdivision 7 of § 1536, shall be made within fifteen days after the verdict or decision was rendered, unless unavoidably delayed; provided, that, if the time thus allowed for making such application expires after adjournment or expiration of the term, a motion for a new trial with an alternative prayer for an appeal to the Supreme Court in case it is overruled may be presented upon reasonable notice to the opposing party or his attorney of record, to the judge presiding when the verdict or decision was rendered, or his successor in office, wherever found, at any time within thirty days from the day the verdict or decision was rendered, and such judge shall hear said motion and shall indorse his rulings thereon, either granting or overruling the same; and if the motion be overruled, the judge shall

indorse thereon an order granting an appeal to the Supreme Court and specifying a reasonable time to be allowed for filing a bill of exceptions. Upon filing such motion with the clerk of the court in which the cause is pending, it shall become a part of the file and record of the cause and shall have the same force and effect as if filed in term time.''

Section 1539, Pope's Digest, is identical with § 1314, Crawford & Moses' Digest, which last-mentioned section was construed by this court in the case of *Spivey* v. *Spivey*, 149 Ark. 102, 231 S. W. 559. The changes made in the amendatory act do not alter the provisions thereof which control here.

It does not appear, from the record in the instant case, when the court adjourned for the term; but it may be assumed that it was in session on March 11, when the motion for a new trial was filed. But, even under this assumption, the instant case is controlled by the opinion in the case of *Spivey* v. *Spivey, supra,* where, as here, the motion for a new trial was filed before the expiration of the term at which the trial was had.

In the Spivey case, *supra,* judgment was rendered August 25, 1920, and the motion for a new trial was filed the following day. But the motion was not presented to the court until the 28th day of September, when the same was heard by the judge, in vacation, and overruled. After quoting § 1314, Crawford & Moses' Digest, it was construed as follows in an opinion by Chief Justice McCulloch: ''The statute requires that the motion for a new trial be presented to the court for its action and be acted upon by the court within the thirty days of the date of the verdict or decision. This was not done within the time limited by law; nor did the court fix the time within which a bill of exceptions might be filed. The statute not having been substantially complied with, appellants are in the same attitude they would be in if they had permitted the term to lapse without having filed a motion for a new trial or of having had the same passed upon by the court during the term at which it was filed, and the judgment must, therefore, be affirmed. *Field* v.

*Waters,* 148 Ark. 325, 229 S. W. 735, and cases there cited. It is so ordered.''

So, here, the motion for a new trial was not presented to the trial judge until after the lapse of more than thirty days, and it was not, therefore, presented within the time limited by law.

This act 167 enlarges to fifteen days the time within which the application for a new trial must be made (unless unavoidably delayed, a circumstance not arising here). The term of court might expire within the time allowed for filing the application for a new trial, and the statute provides for that contingency. The provision is that the application may be presented, upon reasonable notice given the opposing party, to the judge who presided when the verdict or decision was rendered, or to his successor in office, wherever he may be found, at any time within thirty days from the date the verdict or decision was rendered; and as the presentation was not made in the instant case within thirty days it was not in apt time, and, as was said in the Spivey case, *supra,* appellant is in the same attitude he would be in if he had permitted the term to lapse without having filed a motion for a new trial or of having had the same passed upon by the court during the term at which it was filed.

The holding in the Spivey case was reaffirmed in the case of *Gazzola* v. *New,* 191 Ark. 724, 87 S. W. 2d 68, with a qualification not impairing the holding that the motion must be presented to the trial judge within thirty days from the date the verdict or decision was rendered.

In the Gazzola case the motion was presented to the judge within the thirty days provided by statute; but it was done without notice to the opposing party or his attorney. While this was held to be error, the error was held to be without prejudice inasmuch as the motion was overruled.

It was said in the Spivey case that the motion must be presented to and acted upon by the trial judge within the 30-day period; but it was said in the Gazzola case that the statement in the Spivey opinion that the motion must

be acted upon by the trial judge within the 30-day period was an inadvertent statement, as the statute required only that the motion be presented to the judge within thirty days and imposed no limitation of time during which the trial judge might consider the motion after it had been properly and in apt time presented to him.

But the holding in both of those cases was that the motion must be presented to the presiding judge within the thirty days allowed by law, and as that was not done in the instant case we may consider only the question whether error appears upon the face of the record, and as none appears the judgment must be affirmed, and it is so ordered.