ALEXANDER *v.* FLETCHER.

4-7137                                                    175 S. W. 2d 196

Opinion delivered November 1, 1943.

*Will G. Akers*, for appellant.

*Fred A. Isgrig*, for appellee.

McHANEY, J. On and prior to August 4, 1937, appellant claimed that appellee was indebted to him in the sum of $4,800. Appellee insisted that he was not indebted to appellant in any sum. We think the details out of which the dispute arose are not necessary or pertinent to a decision of this case, but the claimed indebtedness was apparently barred by limitations, if pleaded. A day or two prior to August 4, 1937, appellee proposed to appellant that they submit the matter to three arbitrators, each to select one and they to select the third. Appellant at first declined the proposal, but, a little later, changed his mind, and wrote appellee a note, which has been lost or destroyed, agreeing to the proposal. On said date, appellee wrote appellant this letter: "Got your note and am glad to get this misunderstanding off my mind and hope you will feel that I am trying to do the thing I think is right and just.

"Please have your man to get in touch with Oscar McCaskill and they can pick out the third party and have them set the date of hearing and advise me of same."

Thereafter, appellant appointed L. P. Gaston, a cousin of both parties, and he and McCaskill selected Dan Boone as the third arbitrator. This board met, heard the evidence of both parties, and on August 16, 1937,

made the following award: "We have earnestly considered your request that we arbitrate the honest difference of opinion in the matter of whether there is an equitable obligation due from W. E. Fletcher to J. R. Alexander, and have reached the following conclusion:

"That a fair and equitable adjustment of this matter would be for Mr. Fletcher to arrange to pay Mr. Alexander the sum of twenty-five hundred ($2,500) dollars on such terms as can be mutually agreed upon.

"It is our understanding that the Land Bank stock held with the mortgage belongs to Mr. Alexander."

Thereafter, appellee went to appellant and offered to pay the award in three separate ways, (1) over a period of ten years with interest, (2) over a period of five years without interest, or (3) in cash if discounted 10 per cent. Appellant refused to accept any of these offers, and the award has never been paid.

Appellant brought this action on September 15, 1938, but service was not had until May, 1939. The complaint was on two counts, but only the count based on the arbitration and award was relied on in the court below and is the ground urged here. The answer was a general denial and a plea of the statute of limitations. Trial resulted in an instructed verdict for appellee, because the court was of the opinion that, since the parties could not agree on the terms of payment, "such an instrument cannot be an award because it is something that could not be carried out." This appeal followed.

Appellee says the judgment should be affirmed because the motion for a new trial was not presented to nor acted upon by the court within the time provided by § 1539 of Pope's Digest, as construed by this court in *C., R. I. & P. Ry. Co.* v. *McCoy*, 203 Ark. 596, 157 S. W. 2d 761, and other cases cited. These cases do not support appellee. The judgment was rendered November 12, 1942, and appellant given 30 days to file his motion for a new trial. It was filed within that time, and was presented to the court and overruled on February 12, 1943, all of which was done during the same term of court, the

September term, and the cases cited are not in point. The motion for a new trial, having been filed in term time and within the time fixed by the court, it was within the court's power to pass upon the motion at any time thereafter before the lapse of the term. *Metropolitan Life Ins. Co.* v. *Thompson,* 203 Ark. 1103, 60 S. W. 2d 852.

On the merits of the case, we are of the opinion that the court erred in its construction of the award made by the arbitrators and in permitting McCaskill, over appellant's objections and exceptions, to impeach the award made by him and the others, by testifying in effect that it was not their purpose to make a binding award, but only to recommend a basis for the parties to settle their dispute.

It is well settled in this state that our statutes on arbitration and awards, §§ 451, *et seq.,* Pope's Digest, do not repeal the common law on this subject, nor are parties thereby prohibited from submitting their controversies to arbitration without the intervention of a court. *Wilkes* v. *Cotter,* 28 Ark. 519; *Collins* v. *Karatopsky,* 36 Ark. 316; *Harris* v. *Hanie,* 37 Ark. 348; *Kirten* v. *Spears,* 44 Ark. 166.

The arbitration agreement here was one valid at common law. It was in writing, but did not have to be. Both parties agree that it was an arbitration. Appellant says that it was and that they both agreed to abide the decision of the arbitrators. Appellee frankly admits that he proposed the arbitration and his letter above quoted confirms his agreement to that effect. The only question presented to the arbitrators was whether appellee was indebted to appellant and how much. The fact that they agreed to submit this dispute to arbitration implies an agreement to be bound thereby. The general rule and the one supported by the great weight of authority, with reference to awards, as stated by Judge Sanborn in *Barnard* v. *Lancashire Ins. Co.,* 101 F. 36, 41 C. C. A. 170, and approved by this court in *Niagara Fire Ins. Co.* v. *Boon,* 76 Ark. 153, 88 S. W. 915, is: "Every reasonable intendment and presumption is in favor of the award, and it should not be vacated unless it clearly appears that it

was made without authority, or was the result of fraud or mistake, or of the misfeasance or malfeasance of the appraisers." In *Kirten* v. *Spears,* 44 Ark. 166, it was said: "Still another exception to the award was that the arbitrators had erred in matters of law, and instead of determining the rights of the parties, had made a compromise. The illegality of the decision does not appear upon the face of the award, and unless it does so appear, the court will not interfere on the ground merely that the arbitrators have mistaken the law, or have advisedly decided contrary to the rules of established practice observed by courts of law and equity."

Here it clearly appears that the award was made by the express authority of appellant and appellee and there is no contention that it was the result of fraud or mistake or the misfeasance or malfeasance of the arbitrators. Nor does its illegality appear upon the face of the award.

It is earnestly contended that the award is not definite and certain in that it left it to the parties to agree on the terms. The only question submitted to them, as shown by the award itself, and by the testimony of both parties, was (quoting from the award) "whether there is an equitable obligation due from W. E. Fletcher to J. R. Alexander." The time and manner of payment were not submitted to them, according to their own statement, was not a question for them to decide, and was, therefore, surplusage. All they had to decide was, by their own statement, whether Fletcher owed Alexander and how much, and having decided that, their duties were at an end. The parties would have had the right to agree on terms of payment without a statement to that effect by the arbiters. Likewise, the last statement in the award relative to the ownership of the Land Bank stock was a question not before them. When they decided that Fletcher owed Alexander $2,500, they had determined the matter submitted to them, and we think the award is definite and certain. In 3 Am. Jur., § 125, p. 948, title Arbitration and Award, it is said: "Certainty is material only as to points within the submission; an at-

tempted determination of matters beyond the submission is not open to the objection of uncertainty . . ." citing *Lutz* v. *Linthicum,* 8 Pet. (U. S.) 165, 8 L. Ed. 904.

We think the testimony of Mr. McCaskill, which tended to impeach the award, was incompetent, and should be disregarded. As said by the Supreme Court of Utah, in *Giannopulos* v. *Rappas,* 80 Utah 452, 15 Pac. 2d 353: "It is the general rule, supported by great weight of authority, that an arbitrator may not by affidavit or testimony impeach his own award or show fraud or misconduct on the part of the arbitrators or any of them."

The effect of McCaskill's testimony was that the decision of the arbiters was not to be binding on the parties, but was to suggest a basis for them to compromise their differences. As said in *Kirten* v. *Spears, supra,* "The illegality of the decision does not appear upon the face of the award, and unless it does so appear, the court will not interfere," etc.

Therefore, the suit being based on an award which is valid and binding on the parties, there was nothing to submit to the jury, and the court erred in directing a verdict for appellee instead of for appellant. The judgment is reversed and judgment will be entered here for appellant against appellee for $2,500 with interest at six per cent. from September 15, 1938, the date the suit was filed, and all costs.