REASOR-HILL CORPORATION *v.* GOLDEN, JUDGE.

4-9802                                              247 S. W. 2d 9

Opinion delivered February 18, 1952.

Rehearing denied March 17, 1952.

*Talley & Owen* and *Richard L. Pratt,* for petitioner.

*John Harris Jones,* for respondent.

GRIFFIN SMITH, Chief Justice.   H. E. Powell and others sued Reasor-Hill Corporation at Dermott and a circuit court jury found against them Sept. 11, 1951. The matter before us is the corporation's petition for prohibition to restrain the trial court from entering an order granting the plaintiffs a new trial.   Judge Golden very courteously withheld the controlling official act until objecting interests could apply for the writ.

The court's term ended Sept. 30—two days after plaintiffs' motion for a new trial was presented; nor was it in session at Dermott between Sept. 15th and 28th, the motion having been heard and argument presented elsewhere by agreement.   The issue before us

is whether, by necessary implication, time for presenting *and* passing on a motion for a new trial has been restricted to 30 days by Act 167 of 1939; or, if not, have our decisions left this essential undetermined?

When the verdict was returned counsel for plaintiffs made an oral motion for a new trial, to which the court assented by setting Sept. 28th for presentation.

The controlling legislation is § 27-1904, Ark. Stat's. See *Chicago, Rock Island & Pacific Railway Co.* v. *McCoy, Adm'x,* 203 Ark. 596, 157 S. W. 2d 761. The 1939 Act provides that application for a new trial shall be made within fifteen days after the verdict or decision is rendered, unless excused by unavoidable casualty; but if the fifteen day period shall expire after adjournment or after expiration of the term, such motion may be presented . . . at any time within thirty days from the verdict or decision, "and such judge shall hear said motion and shall indorse his ruling thereon, either granting or overruling the same." In case the motion is overruled an appeal shall be allowed, and the indorsement shall specify a reasonable time for filing a bill of exceptions.

Quite clearly the statute requires that the motion be presented to the judge within thirty days from the verdict or decision, and this is true whether the court term has or has not expired. In the McCoy case there is a discussion of Chief Justice McCulloch's opinion in *Spivey* v. *Spivey,* 149 Ark. 102, 231 S. W. 559, and Judge Butler's opinion in *Gazzola* v. *New,* 191 Ark. 724, 87 S. W. 2d 68. Judge Frank G. Smith, who wrote the McCoy opinion, called attention to Judge Butler's statement that in the Spivey case it was inadvertently said that the law required judicial action on the motion within thirty days. It was held that these words were *dictum;* or, as the author of the Gazzola opinion expressed it, "a slip of the pen."

Judge Butler said that cases might well be supposed where it would not be practicable for the judge to pass on the motion within thirty days, "and, as noted, the statute does not so provide." He then went on to say

that under justifying circumstances the motion might be presented on the last day allowed, and the error assigned could be such as would require testimony in order that the judge be properly advised "before filing thereon." This, said Judge BUTLER, appears a sufficient reason for the silence of the statute as to when the motion must be acted upon by the court.

The Gazzola opinion was written four years before the Act of 1939 was passed; but the current measure, and § 1314 of Crawford & Moses' Digest then construed, use similar language limiting the time for presentation of the motion to thirty days. Terms of the Prairie Circuit Court (Northern District), where Gazzola's case was tried, begin on the third Monday in March and September, so the entire transaction occurred during the March term, and what Judge BUTLER said did not include any expression as to what the situation would have been had the motion been presented at a term subsequent to trial.

In *Mays* v. *C. M. Johnston & Sons Sand & Gravel Co., Inc.*, 203 Ark. 779, 158 S. W. 2d 910, a motion for a new trial was overruled more than thirty days after judgment. It was held that the trial court was not required to act within that period, "as the record shows that the motion was filed within the time, and in the manner provided by law, and was overruled during term time."

Judge WOOD's opinion in *Town of Corning* v. *Thompson*, 113 Ark. 237, 168 S. W. 128, was commented on in *Sims* v. *State*, 203 Ark. 976, 159 S. W. 2d 753, and in the fourth marginal note cases dealing with motions for a new trial are cited.

The late Judge McHANEY, in *Metropolitan Life Insurance Co.* v. *Thompson*, 203 Ark. 1103, 160 S. W. 2d 852, cited *Marshall Bank* v. *Turney*, 105 Ark. 116, 150 S. W. 693, where Chief Justice McCULLOCH said: "The record shows that the motion for a new trial was filed by express permission of the court; but, even if this were not so, the presumption would be indulged, in the absence of a showing to the contrary, that the court granted special permission for the motion for new trial to be filed out of time." But, in the Thompson case, Judge Mc-

HANEY emphasizes the fact that "all of the transactions" occurred during the same term of court. Again discussing the McCoy case, Judge McHANEY said (*Alexander* v. *Fletcher,* 206 Ark. 906, 175 S. W. 2d 196) that all of the pertinent transactions relating to the motion for a new trial "[Were] done during the same term of court, the September term, and the cases cited are not in point." This significant statement was then added: "The motion for a new trial, having been filed in term time and within the time fixed by the court, it was within the court's power to pass upon the motion at any time before the lapse of the term." The Thompson case was cited as authority.

In the case at bar four months, lacking four days, elapsed between presentation of the motion and the court's letter expressing an intent to grant a new trial; and, from the date of verdict, more than two-thirds of the time allowed for civil appeals had expired.

In all of the cases where we have held there was discretion to extend the time of determination, as distinguished from the period of presentation, the court acted within the judgment term. The pertinent question is, Did the Act of 1939 by necessary implication invest the trial court with power to indefinitely delay a decision beyond the thirty-day period?; or, if the Act be indefinite, have our opinions committed the court to such a rule? There is no escape from Judge BUTLER's language overruling, in effect, what was said in the Spivey case.

When we consider the extreme hardships pointed to by Judge BUTLER—the first relating to inability of the losing party to present his motion until the 30-day period had virtually expired, and the second being the necessity for taking testimony for clarification purposes—the result appears to be a finding by this court that the time mentioned is not a period beyond which the trial court would lose jurisdiction. Upon the other hand, however, we do not believe the lawmaking body intended to permit delays not accounted for upon a basis of absolute necessity of the kind mentioned in the opinion. It is understandable that the trial judge should construe the Gazzola

case as authority for the course he pursued; but the better rule would be not to sanction the unusual latitude shown in the case at bar. Trial courts should be guided by necessities comparable to those dealt with in Judge BUTLER's opinion.

Writ granted.

Justice HOLT concurs in part and dissents in part.

Justices McFADDIN and GEORGE ROSE SMITH dissent.

HOLT, J., concurring in part and dissenting in part.

I concur in the result reached, but dissent as to the construction placed on the section in question.

It is conceded that there is now much confusion among the members of the Bench and Bar of Arkansas, as to the proper construction that should be placed on § 27-1904, Ark. Stats., 1947. Admittedly, decisions of this court are somewhat conflicting. It is my view that we should now definitely settle the matter by language so plain that no judicial construction would be required.

The majority says: "Upon the other hand, however, we do not believe the lawmaking body intended to permit delays not accounted for upon a basis of absolute necessity of the kind mentioned in the opinion. It is understandable that the trial judge should construe the Gazzola case as authority for the course he pursued; but the better rule would be not to sanction the unusual latitude shown in the case at bar. Trial courts should be guided by necessities comparable to those dealt with in Judge BUTLER's opinion."

By this language is it meant that when a motion for a new trial is filed and presented within thirty days from the date of the judgment (in the circumstances here), then the trial judge may take any additional time he may choose, just so long as he does not withhold his decision for an unreasonable time?

This would seem to be its effect. It seems to me by the language of § 27-1904, it was the intention of the lawmakers to make it mandatory that the motion be filed

within the thirty day period, presented, *and acted on by the court within that definite time.* Pertinent provisions of the section are: "The application for a new trial . . . shall be made *within* fifteen (15) days after the verdict or decision was rendered . . . provided, that if the time thus allowed for making such application expires *after . . . expiration of the term,* a motion for a new trial . . . in case it is overruled, may be presented upon reasonable notice to the opposing party or his attorney . . . , to the judge presiding when the verdict or decision was rendered, . . . *at any time within thirty (30) days* from the date the verdict or decision . . . *and such judge shall hear said motion and shall endorse his rulings thereon, either granting or overruling the same;* etc."

Adoption of this view in one of the procedural steps in the trial of a cause obviously would eliminate possible appeals (with attendant expense and delays to litigants) on the issue of what would be a reasonable time. It would seem that the opinion of the majority is but adding confusion to confusion.

## ON REHEARING.

Griffin Smith, Chief Justice (on rehearing). In mentioning the Gazzola case we said that terms of Prairie Circuit Court for the Northern District "begin on the third Monday in March and September, *so the entire transaction occurred during the March term.*"

The respondent—not without good cause—insists that the Gazzola-New trial was during the March term and that the verdict was returned on the last term day. In the opinion by Judge Butler the verdict is referred to as having been returned on the last day of the March term, 1934. The opinion then says that the motion for a new trial was presented April 15, 1935, and taken under advisement. If this were true the motion was not presented for more than a year after the verdict. An examination of the original typewritten opinion delivered to the clerk of this court by Judge Butler shows a number of deletions, interlineations, and corrections. The mat-

ter emphasized by respondents is on a substituted page. It shows that the verdict was referred to as having been rendered on the last day of the March term, 1935. The error substituting 4 for 5 occurred after the opinion was approved, but it also appears in the South Western Reporter.

Actually, the third Monday in March, 1935, was on the 18th, and the verdict was rendered on the second day of the term; hence "the entire transaction occurred during the March term," as we stated in the opinion of February 18.

Rehearing denied.